```
                    FILED
            CLERK, U.S. DISTRICT COURT

                  2/14/2023

          CENTRAL DISTRICT OF CALIFORNIA
          BY:       CD         DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>DANIEL LIPAN,<br><br>            Defendant. | CR  2:23-cr-00063-MCS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1029(a)(2): Unlawful Use of Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 982 and 1029: Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SEVEN

[18 U.S.C. § 1344(2)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Wells Fargo Bank, N.A. ("Wells Fargo") was a financial institution insured by the Federal Deposit Insurance Corporation.

2. Victim E.L. had a Wells Fargo debit card in his name (the "E.L. Wells Fargo debit card").

3. "Skimming devices" were fraudulent devices installed at automated teller machines ("ATMs") to surreptitiously steal and store

debit card account numbers from debit cards inserted into ATM machines.

4. "Pinhole cameras" were fraudulent devices installed at ATMs to surreptitiously record personal identification numbers ("PINs") entered on ATM keypads.

B. THE SCHEME TO DEFRAUD

5. Beginning on a date unknown to the Grand Jury, but no later than on or about August 3, 2019, and continuing through at least on or about October 26, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant DANIEL LIPAN, knowingly and with intent to defraud, devised and executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of Wells Fargo by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

    a. Using skimming devices and pinhole cameras installed at Wells Fargo ATMs, defendant LIPAN would steal Wells Fargo debit card account numbers and associated PINs, including the E.L. Wells Fargo debit card account number.

    b. Defendant LIPAN would collect the stolen debit card account numbers, including the E.L. Wells Fargo debit card account number, and reencode them onto blank cards. Defendant LIPAN would then use the reencoded cards, along with corresponding stolen PINs, to conduct fraudulent cash withdrawals without permission or authorization from the account holders. In doing so, defendant LIPAN falsely represented that he was the account holder and was otherwise

an authorized user of the debit card account, and concealed that the withdrawals defendant LIPAN made with the reencoded debit cards were made without any authorized user's consent.

c.   In total, defendant LIPAN conducted at least 260 fraudulent cash withdrawals, resulting in a loss of at least $56,670.

C.   EXECUTIONS OF THE FRAUDULENT SCHEME

7.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant LIPAN used debit card account numbers and corresponding PINs belonging to the below victims to withdraw cash from Wells Fargo ATMs at the locations listed below, each of which constituted executions of the fraudulent scheme:

| COUNT | DATE | LOCATION | VICTIM | LOSS |
|---|---|---|---|---|
| ONE | 11/24/2019 | West Hills, CA | B.L. | $300 |
| TWO | 02/01/2020 | Northridge, CA | J.C. | $200 |
| THREE | 03/27/2021 | Northridge, CA | B.Q. | $80 |
| FOUR | 03/29/2021 | Northridge, CA | B.Q. | $80 |
| FIVE | 03/31/2021 | Northridge, CA | E.L. | $80 |
| SIX | 04/01/2021 | Northridge, CA | E.L. | $80 |
| SEVEN | 10/26/2021 | Northridge, CA | E.B. | $100 |

COUNT EIGHT

[18 U.S.C. § 1029(a)(2)]

Beginning on or about October 26, 2020, and continuing through on or about October 26, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant DANIEL LIPAN, knowingly and with intent to defraud, used unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, debit card account numbers belonging to persons other than defendant LIPAN, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, with said use having an effect on interstate and foreign commerce.

## COUNT NINE

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

Beginning on an unknown date, but no later than on or about August 3, 2019, and continuing through at least on or about October 26, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant DANIEL LIPAN knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, means of identification that defendant LIPAN knew belonged to another person, namely, personal identification numbers belonging to B.L., J.C., B.Q., E.L., and E.B., during and in relation to the offenses of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Counts One through Seven of this Indictment; and Unlawful Use of Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(2), as charged in Count Eight of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction of the offenses set forth in Counts One through Seven and Nine of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offenses set forth in any of Counts Eight and Nine of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

   (b)  Any personal property used or intended to be used to commit the offense; and

   (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

1  court; (d) has been substantially diminished in value; or (e) has
2  been commingled with other property that cannot be divided without
3  difficulty.

                                        A TRUE BILL

                                            /S/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section